UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RODNEY KINTE JENKINS, | |
| Petitioner, | |
| v. | CAUSE NO.: 3:19-CV-324-RLM-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Rodney Kinta Jenkins, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP 18-5-264) at the Indiana State Prison in which a disciplinary hearing officer found him guilty of engaging in an unauthorized financial transaction in violation of Indiana Department of Correction Offense 220, and anctioned him with a loss of ninety days earned credit time.

Mr. Jenkins argues that he is entitled to habeas relief because he requested the letter containing the fourteen-digit credit card number but correctional staff did not produce it, consider it, or allow him to review it. He maintains that he would have been able to prove that the number was not a credit card number because all credit card numbers have sixteen digits. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). The administrative record includes the requested letter, and the written decision expressly states that the hearing officer considered it. ECF 10-3, ECF 12 at 24.

While Mr. Jenkins may have been prevented from personally reviewing the letter, he was not constitutionally entitled to do so. See White v. Indiana Parole Bd., 266 F.3d 759, 767 (7th Cir. 2001) ("prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public."); Outlaw v. Anderson, 29 F. App'x 372, 374 (7th Cir. 2002). Further, it is unclear how Mr. Jenkins could have proven that all credit card numbers consist of sixteen digits, and, even if he could, it is unclear how withholding the letter prevented him from doing so. Therefore, the claim that Mr. Jenkins was not allowed to prevent evidence is not a basis for habeas relief.

Mr. Jenkins further argues that the finding of guilt for unauthorized financial transaction constituted a violation of his rights under the Double Jeopardy Clause because he had already found guilty for conspiracy to traffic contraband in violation of Offense 111/113 based on the same incriminating letter.[1] "[D]ouble jeopardy protections do not attach in prison disciplinary proceedings." Portee v. Vannatta, 105 F. App'x 855, 858 (7th Cir. 2004); see also Decker v. Bell, 772 F. App'x 339, 341 (7th Cir. 2019); Meeks v. McBride, 81 F.3d 717, 722 (7th Cir. 1996). Additionally, upon review of the disciplinary policy with respect to the relevant offenses, the court finds that, even if these disciplinary findings amounted to criminal convictions, they would not have violated Mr. Jenkins' rights under the Double Jeopardy Clause. See Blockburger v. United

---

[1] Here, Mr. Jenkins refers to the letter that spurred the internal affairs investigation into his conduct (ECF 12 at 9-12) rather than the letter containing the fourteen-digit number at issue in the previous paragraph.

2

States, 284 U.S. 299, 304 (1932) ("The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."). Therefore, the argument that the finding of guilt subjected Mr. Jenkins to double jeopardy is not a basis for habeas relief.

Because Mr. Jenkins has not asserted a valid claim for habeas relief, the habeas petition is denied. If Mr. Jenkins wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Rodney Kinte Jenkins leave to proceed in forma pauperis on appeal.

SO ORDERED on April 22, 2020

        s/ Robert L. Miller, Jr.
        JUDGE
        UNITED STATES DISTRICT COURT